IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CLARENCE MILLER and
ROSALIE MILLER,

    Plaintiffs,

v.                              Civil Action No. 1:10CV213
                                                 (STAMP)

BANK OF AMERICA,
a Delaware corporation and
BAC HOME LOANS SERVICING, LP,
a qualified Texas limited partnership,

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**DENYING THE PLAINTIFFS' MOTION TO REMAND**

I. Procedural History

The plaintiffs filed this civil action in the Circuit Court of Monongalia County, West Virginia, alleging breach of contract, negligence, and breach of fiduciary duty. The defendants removed this action to this Court, asserting that federal jurisdiction is pursuant to 28 U.S.C. § 1332. This Court granted the plaintiffs' motion to file an amended complaint, which added a declaratory judgment count to determine the correct payoff they owe to the defendants on their loan account. The plaintiffs also deleted one of their claims for damages. After the filing of the amended complaint, the plaintiffs filed a motion to remand, arguing that the amended complaint deleted the plaintiffs' only damage claim that could possibly result in a recovery in excess of $75,000.00. The defendants filed a response in opposition, to which the

plaintiffs replied.  For the reasons set forth below, this Court must deny the plaintiffs' motion to remand.

## II. Facts

The plaintiffs' home was destroyed by fire.  The plaintiffs allege that they paid the defendants monthly escrows for hazard insurance, but that the defendants failed to maintain hazard insurance.  The plaintiffs state that as a result of the breach, they sustained the loss of use of their property, annoyance and inconvenience, emotional distress, and mental anguish.  They also state that they sustained the loss of benefits to which they would have been entitled under their hazard insurance policy, which was cancelled because of the breach.

After the plaintiffs filed the original complaint, the plaintiffs' homeowner insurance carrier did agree to reinstate the plaintiffs' insurance coverage so that their fire loss would be covered.  The plaintiffs assert that the only remaining damage claim is the loss sustained by them because of the delay of four weeks between the date of the fire and the date the insurance company agreed to honor the plaintiffs' claim.

## III. Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter.  28 U.S.C. § 1441. Federal courts have original jurisdiction over primarily two types of cases: (1) those involving federal questions under 28 U.S.C.

§ 1331, and (2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs pursuant to 28 U.S.C. § 1332(a). The party seeking removal bears the burden of establishing federal jurisdiction. See Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand. Id.

Although courts strictly construe the statute granting removal jurisdiction, Doe v. Allied Signal, Inc., 95 F.2d 908, 911 (7th Cir. 1993), the court is not required "to leave common sense behind" when determining the amount in controversy. Mullens v. Harry's Mobile Homes, 861 F. Supp. 22, 24 (S.D. W. Va. 1994). When the amount in controversy is not apparent on the face of the plaintiff's complaint, the federal court must attempt to ascertain the amount in controversy by considering the plaintiff's cause of action as alleged in the complaint and any amendments thereto, the notice of removal filed with a federal court, and other relevant materials in the record. 14C Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 3725 at 73 (3d ed. 1998). However, the court is limited to examining only evidence that was available at the moment the petition for removal was filed. Chase v. Shop 'N Save Warehouse Foods, 110 F.3d 424, 428 (7th Cir. 1997).

District courts "generally determine the amount in controversy by reference to the plaintiff's complaint." JTH Tax, Inc. v.

Frashier, 624 F.3d 635, 638 (4th Cir. 2010). If the plaintiffs, in their complaint, "in good faith allege[] a sufficient amount in controversy, '[e]vents occurring subsequent' to the filing of the complaint 'which reduce the amount recoverable below the statutory limit do not oust jurisdiction.'" Id. (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938)).

IV. Discussion

In their motion to remand and in their reply, the plaintiffs cite to no law to support their motion to remand. In their reply, they argue that their motion "is not simply a post removal stipulation regarding the amount of their damages." Instead, the plaintiffs contend that their motion "is based upon a genuine, and substantial, change in the amount of their damages based upon their insurance company's post removal payment of fire loss benefits to them."

As mentioned above, the existence of diversity jurisdiction is determined "at the time the action is filed, regardless of later changes in originally crucial facts such as the parties' citizenship or the amount in controversy." Porsche Cars N. Am, Inc. v. Porsche.net, 302 F.3d 248, 255-56 (4th Cir. 2002) (quoting Freeport-McMoRan, Inc. v. K N Energy, Inc., 498 U.S. 426, 428 (1991)) (internal citations omitted). Thus, "the conditions that create diversity jurisdiction . . . need not survive through the life of the litigation." Id. at 255.

4

After carefully reviewing the complaint and the parties' memoranda, this Court concludes that the defendants have satisfied their burden of proof that at the time of the filing of the complaint the plaintiff's damages may have exceeded $75,000.00. This Court has consistently applied the "preponderance of evidence" standard to determine whether a defendant has met its burden of proving the amount in controversy. When no specific amount of damages is set forth in the complaint, the defendant bears the burden of proving that the claim meets the requisite jurisdictional amount. Mullins, 861 F. Supp. at 23. In such circumstances, the Court may consider the entire record before it and may conduct its own independent inquiry to determine whether the amount in controversy satisfies the jurisdictional minimum. Id.

In this case, at the time the plaintiffs filed their original complaint in the Circuit Court of Monongalia County, West Virginia, the plaintiffs' homeowner's insurance carrier had not yet reinstated the plaintiffs' insurance coverage so that their fire loss would be covered. In their notice of removal, the defendants show that there were two hazard insurance policies which may have been in effect, with policy limits of $130,273.00 and $89,000.00[1] as Coverage A, the Dwelling Amount. The defendants also point to the 2010 tax assessment of the property, which showed that the building alone was worth $88,000.00. The plaintiffs also seek

---

[1] The defendants state that the hazard insurance policy with Coverage A limit of $89,000.00 indicates that it is "not total loss coverage."

damages for annoyance and inconvenience as well as damages for emotional distress and mental anguish. Accordingly, this Court must deny the plaintiffs' motion to remand.

V. <u>Conclusion</u>

For the reasons stated above, the plaintiffs' motion to remand is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED: June 13, 2011

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE